In the District Court of the United States
For the District of South Carolina

BEAUFORT DIVISION

| | |
|---|---|
| Monta Gordon, #259797,          ) | Civil Action No.  9:06-2606-RBH-GCK |
|       Petitioner,    ) | |
|      ) | |
| vs.      ) | **REPORT AND RECOMMENDATION** |
|      ) | **OF THE MAGISTRATE JUDGE** |
| Colie L. Rushton; and Henry McMaster,  ) | |
| Attorney General for    ) | |
| South Carolina,    ) | |
|      ) | |
|      Respondents.    ) | |

## I.    INTRODUCTION

The Petitioner, Monta Gordon ("Petitioner" or "Gordon"), a state prisoner proceeding without the assistance of counsel, seeks *habeas corpus* relief under Title 28, United States Code Section 2254.  By definition, the relief which he seeks must be based upon a finding that he is being illegally detained in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241(c)(3).

This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of Title 28, United States Code, Sections 636(b)(1)(A) and (B), and Local Civil Rules 73.02(B)(2)(c) and (e), D.S.C.  The Respondents have filed a motion for summary judgment.  As this is a dispositive motion, this Report and Recommendation is entered for review by the District Court.

## II.    *PRO SE* PETITION

Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon*, 439 U.S. 970

(1978).  Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition herein pursuant to the procedural provisions of  28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, Title I, § 104, 110 Stat. 1214.  This review has been conducted in light of the following precedents:  *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

  *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *and Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir.1975).  Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented.  *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999).  Likewise, a court may not construct the plaintiff's legal arguments for him (*Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court.  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court.  *Rice v. National Security Council*, 244 F.Supp. 2d 594, 596 (D.S.C. 2001), *citing Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### III.    PROCEDURAL HISTORY IN STATE COURT

### A.  Proceedings in the Court of General Sessions

During the 1998 term of General Sessions, the York County Grand Jury indicted the Petitioner for murder (1998-GS-46-2853), criminal conspiracy (1998-GS-46-2857), two counts of attempted armed robbery (1998-GS-46-2856, 1998-GS-46-2855), and three counts of possession of a weapon during the commission of a violent crime (1998-GS-46-2853, 1998-GS-46-2855, 1998-GS-46- 2856).  The indictments stemmed from a car-jacking and murder which had occurred on the night of July 23, 1998, when Petitioner was 17 years old.[1]

On July 16, 1999, the Petitioner pled guilty to murder, criminal conspiracy, and two counts of attempted armed robbery after a *Jackson v. Denno* hearing.  At that time, Petitioner was 18 years old.  Joseph Matlock, Esquire, represented the Petitioner.  On July 19, 1999, the Honorable John C. Hayes, III, sentenced the Petitioner to thirty (30) years for murder, to two twenty (20) year terms for attempted armed robbery, to five (5) years for criminal conspiracy, and to one (1) year for failure to stop for a blue light, all to be served concurrently. Petitioner's prior probationary sentences were revoked.

The Petitioner appealed his guilty plea.  The appeal was consolidated with the appeal of his brother, Antonio Gordon, who also had been involved in the events leading to the indictments.[2]  The Petitioner was represented by Robert M. Pachak.  A Final *Anders* Brief of Appellant was filed on July 18, 2000 which raised the following question:

> [W]hether appellant's guilty plea complied with the mandates of *Boykin v. Alabama*?

Petitioner also filed a *pro se* brief with the court, raising the following issues:

---

[1]    Petitioner was born on September 1, 1980.  (App. Vol. 2, p. 482).

[2]    The Respondents have informed the court that Petitioner's brother, Antonio Gordon, also filed a federal habeas action, captioned *Gordon v. Rushton*, 2:05-3327-MBS-RSC. According to records of the Clerk of Court, on February 16, 2007, upon motion of the petitioner in that case, the District Judge dismissed that petition without prejudice to permit that petitioner to exhaust all State remedies.

    1.  Did the trial court err by denying defense counsel's motion to suppress statements due to lack of probable cause to arrest without an arrest warrant?

    2.  Did the informant's age warrant the information that was obtained through interrogation invalid as the mandates set forth in *State v. Taylor*?

    3.  Did exigent circumstances apply in the pendent case where record reflects [sic] the omission?

The South Carolina Court of Appeals dismissed the appeal and granted counsel's petition to be relieved.  *See State v. Antonio Gordon and Monta Gordon*, Op. No. 2000-UP-747 (S.C. Ct. App. filed December 6, 2000) (per curiam).  No petition for rehearing was filed with the South Carolina Court of Appeals, nor was a petition for certiorari filed with the South Carolina Supreme Court.  The remittitur was entered on January 9, 2001.

## B.  Gordon's Application for Post-Conviction Relief

The Petitioner filed an application for post-conviction relief ("PCR") on October 2, 2001.  (App. 401).  Petitioner raised the following grounds for relief:

    1.    Involuntary guilty plea

    2.    Ineffective assistance of counsel

    3.    Lack of subject matter jurisdiction [because Petitioner was seventeen years old at the time of the incident].  (App. Vol. 2, ¶. 401-411)

The State filed a Return on April 22, 2002.  (App. Vol. 2, ¶. 412-417).  An evidentiary hearing into the matter was held on September 4, 2003 before the Honorable Lee S. Alford at the Moss Justice Center in York County.  (App. Vol. 2, ¶. 418-478).  The Petitioner was present at the hearing and was represented by Leland B. Greeley, Esquire.  The State was represented by Assistant Attorney General Jeanette Van Ginhoven, Esquire.  At the hearing, the Petitioner testified on his own behalf; the State presented the testimony of Petitioner's plea counsel, Mr. Matlock.  The PCR Court also had before it a copy of the transcript of the proceedings against the Petitioner, the records of the York County Clerk of Court and the Petitioner's records from the South Carolina Department of Corrections.

At the hearing, Mr. Greeley focused on the allegation that Petitioner had received ineffective assistance of counsel which caused him to not knowingly plead guilty to the charges against him.  (App. Vol. 2, ¶. 422-453).  At the conclusion of the hearing, Judge Alford took the matter under advisement.

On October 24, 2003, Judge Alford entered his written order denying relief.  (App. Vol. 2, ¶. 479-484).  In denying state PCR relief in the initial written order, Judge Alford held as follows:

### INEFFECTIVE ASSISTANCE OF COUNSEL

The Applicant claims guilty plea counsel was ineffective for failing to explain the elements of the charges he was facing.  The Applicant also claimed in his PCR Application that the trial court lacked subject matter jurisdiction because he was a juvenile.  However, the Applicant withdrew this claim at the beginning of the PCR hearing.

Courts use a two-pronged test in evaluating allegations of ineffective assistance of counsel. First, the Applicant must prove that counsel's performance was deficient.  Under this prong, attorney performance is measured by its "reasonableness under professional norms." *Cherry*, 300 S.C. at 117, 385 S.E.2d at 625, *citing Strickland*.  Second, counsel's deficient performance must have prejudiced the Applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Cherry*, 300 S.C. at 117-18, 386 S.E.2d at 625.  With respect to guilty plea counsel, the Applicant must show that there is a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty and would have insisted on going to trial.  *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed. 2d 203 (1985).

The Applicant claims guilty plea counsel was ineffective for failing to explain the elements of the offenses he was facing and that this made his guilty plea involuntary.  Guilty plea counsel testified that he went over the Applicant's plea agreement with the Applicant prior to the Applicant signing the agreement.  Guilty plea counsel also testified that the evidence at trial would show that the Applicant got out of the car and stood by his brother as his brother shot the victim.  He further testified that he discussed the elements of the crimes the Applicant was facing and the consequences of the Applicant's plea in depth.

**This court finds the testimony of guilty plea counsel to be credible and the testimony of the Applicant not credible on the issue of guilty plea counsel's explanation of the elements of the offense for which the Applicant was charged and to which he pled guilty.  This Court also finds the testimony of guilty plea counsel to be more credible concerning advisement of constitutional rights and concerning the Applicant's decision to plead guilty.**

As to the subject matter jurisdiction claim that the Applicant withdrew at the hearing, this Court finds that this allegation lacks merit.  The Applicant was born on September 1, 1980.  The

charges the Applicant was facing arose out of an incident that occurred on July 23, 1998.  The Applicant was seventeen (17) years of age when the incident occurred and eighteen (18) years of age when he pled guilty.  Therefore, the Applicant was an adult under the law when the incident occurred and when he was charged.

**This Court finds that guilty plea counsel was not ineffective.  This Court further finds that Applicant has failed to carry his burden in this action by showing he was prejudiced by guilty plea counsel's performance.**

### INVOLUNTARY GUILTY PLEA

The Applicant claims his guilty plea was not made knowingly and voluntarily since guilty plea counsel was ineffective and because he was not asked if he was guilty during the guilty plea.

**This Court finds that this allegation is conclusively refuted by the record and by guilty plea counsel's testimony given at the PCR hearing.  The Applicant testified that he was not under the influence of any alcohol or drugs.  (T. p. 186, lines 3-6).  The trial judge informed the Applicant of the maximum penalties for his charges (T. pgs. 181-185), and informed him of his right to remain silent as well as his right to a jury trial and other associated jury trial rights.  (T. pgs. 186-187).  The Applicant subsequently affirmed that no one promised him anything or threatened or mistreated him in order to get him to plead guilty.  (T. p. 185, lines 24-25; T. p. 186, lines 1-2).  The Applicant stated that he was satisfied with the services of his lawyer. (T. p. 180, lines 2-6).**

**This Court further finds that Applicant has failed to carry his burden of proving that his guilty plea was not freely and voluntarily entered.  The overwhelming evidence in the record and presented through the testimony of the witnesses at the hearing reflects that the plea was knowingly and voluntarily entered.** *Boykin v. Alabama*, 395 U.S. 238 (1969); *Vickery v. State*, 258 S.C. 33, 186 S.E.2d 827 (1972).  Because a guilty plea is a solemn, judicial admission of the truth of the charges against an individual, a criminal inmate's right to contest the validity of such a plea is usually, but not invariably, foreclosed.  *Blackledge v. Allison*, 431 U.S. 63 (1977).  Therefore, statements made during a guilty plea should be considered conclusive unless a criminal inmate presents valid reasons why he should be allowed to depart from the truth of his statements.  *Crawford v. U.S.*, 519 F.2d 317 (4th Cir. 1975); *Edmonds v. Lewis*, 546 F.2d 566 (4th Cir. 1976).  The Applicant showed no reason why he should be allowed to depart from the truth of the statements he made during his guilty plea hearing.  This Court finds the Applicant's testimony at the PCR hearing lacked credibility.  Therefore, this Court finds that Applicant's guilty plea was freely and voluntarily entered.  (Vol. 2, App. p. 481-484) (emphasis supplied by the undersigned).

Petitioner's attorney, Mr. Greeley, filed a motion to amend the findings to assert that the "hand of one, hand of all" concept was not fully explained to the Petitioner prior to his plea.  (Vol. 2, App. p. 485).

In a hearing held on June 1, 2004, Judge Alford denied Petitioner's motion to amend, finding that trial counsel's testimony was credible as to the issues discussed with Petitioner, including the "hand of all" issue, and that his prior order had adequately, albeit implicitly, addressed the "hand of all" issue.  (Supp. App. p. 8-9; *see also* Testimony of Matlock, Vol. 2, App. p. 433-436, 447-448 ("it could have been a death penalty case . . . .they weren't going with a capital case, so we knew that . . . it would have been life without parole") (discussion of penalty and plea negotiations), p. 437-39, 441-444, (principal, hand of one hand of all discussions); *compare* App. p. 458-461 (testimony of Gordon regarding elements and penalty discussions)).

The Petitioner appealed the denial of PCR relief to the South Carolina Supreme Court. Aileen P. Clare of the South Carolina Office of Appellate Defense was appointed to represent Petitioner in his appeal.  On April 4, 2005, Ms. Clare filed a *Johnson* Petition for a Writ of Certiorari asserting one ground for relief:

> Was trial counsel ineffective, and were petitioner's guilty pleas not knowingly and intelligently entered, when Petitioner was present at the crime scene, but had no intent to commit a crime?

*Johnson* Petition, p. 2.  On June 22, 2006, the South Carolina Supreme Court entered its Order denying the petition and granting counsel's request to be relieved.  On July 10, 2006, the remittitur was entered.

### IV.  FEDERAL COURT HISTORY

### A.  Gordon's Petition for a Writ of Habeas Corpus

Gordon presently is confined to the McCormick Correctional Institution of the South Carolina Department of Corrections ("SCDC").  Gordon filed this Petition for a writ of habeas corpus (the "Petition") on September 18, 2006 against Colie L. Rushton, the Warden

of McCormick Correctional Institution, and Henry D. McMaster, the Attorney General for

South Carolina (collectively, the "Respondents").[3] [1]

The Petition set forth four (4) grounds for relief, which are included in their entirety

below:

**Ground One:**        Lack of Subject Matter Jurisdiction.

        Supporting Facts:        A.  The Petitioner asserts that he was not afforded a
preliminary hearing after signing off on the York County
"notice of initial appearance form for a preliminary hearing on
the date of July 24, 1998. . . .Date due for preliminary hearing
expired on  August 28, 1998. . . Petitioner deprived of due
process absent preliminary hearing.

                                            B. He asserts that this issue was "disregarded after he
requested his attorney to argue the issue.

**Ground Two:**        Ineffective Assistance at Trial and Ineffective Assistance appellate
Defense Counsel.

        Supporting Facts:        A.  Counsel failed to thoroughly explain any constitutional
rights to Petitioner.  Counsel coerced Petitioner to plead guilty
to murder which was at no time done by Petitioner.  Counsel
failed to withdraw guilty plea (having knowledge ) that
petitioner did not commit murder as defined by Section 16-3-
10.  Counsel failed to seek avenues for the Petitioner's
defense against and in opposition of the state solicitor's bogus
documents and testimony made to the court at the plea.

**Ground Three:**        Unintelligent and Involuntary Guilty Plea.

        Supporting Facts:        A.  Counsel advised court that petitioner did not commit the
crime of murder.  Subsequently, counsel advised petitioner
that he would receive the life or death penalty if he failed to
plead guilty.  Counsel also knowingly and intelligently allowed
petitioner to enter into a plea of guilty lacking knowledge that
victim's statement reveals that petitioner's brother Antonio
Gordon admitted he committed murder by shooting victim.
Petitioner was not aware of right to trial by jury after sentence
of brother Antonio Gordon.  Petitioner was deceived to believe
he would be killed by state of S.C. if he did not plead guilty.

**Ground Four:**        Improper Indictment.

        Supporting Facts:        A.  Witness statements affidavits read "that Antonio Gordon
ran to the car to get a gun came back to the victim's BMW

---

[3]        Gordon has the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) with
respect to the "delivery" date of his Petition.  Gordon delivered his Petition to the
McCormick  mailroom on September 18, 2006.

and fired a shot through the window which hit and killed the victim witness friend (deceased).["]  Petitioner should have been charged with accessory after the fact to the murder or mere presence (as the record indicates the victim did not commit the assault or murder the deceased).

B.  Petitioner asserts that appellate defense and PCR counsel refused to raise these issues after Petitioner requested that these issued be raised.

On September 26, 2006, the undersigned issued an Order which authorized service on the Respondents and notified Gordon of the change of address rule.  [4-5]  Thereafter, in response to Gordon's Petition for habeas corpus relief, on December 14, 2006, the Respondents filed a Motion for Summary Judgment [10] and a Return and Memorandum of Law in Support of Motion for Summary Judgment (the "Return").  [11]

The undersigned issued an Order on December 15, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying Gordon of the summary judgment dismissal procedure and the possible consequences if he failed to respond adequately to the Respondents' Motion for Summary Judgment.[4]  [12]  On January 23, 2007, Gordon filed an "Objection to Report and Recommendation of Magistrate Judge and Amendment to Federal Habeas Corpus" [13] which this court will consider as a response to the Respondents' Motion for Summary Judgment and Return.

**B.  Application of the Antiterrorism and Effective Death Penalty Act of 1996**

Gordon filed his Petition on September 18, 2006.  Therefore, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") apply to this case.  *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).  This Court's review of his collateral attack on his criminal conviction is governed by the parameters set forth in the

---

[4]        The explanation to the *pro se* litigant is required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), which was a civil rights case.  The same procedure has been held to apply in federal *habeas corpus* cases under *Webb v. Garrison*, No. 77-1855 (4th Cir., decided July 6, 1977).

AEDPA, which amended Section 2254.  As amended, Section 2254(d) provides that a federal court may not grant habeas corpus relief unless the underlying state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. §§ 2254(d)(1) & (2).

With respect to the first prong of the analysis under Section 2254(d), the United States Supreme Court has explained that a state court adjudication is "contrary to" clearly established Federal law only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (plurality opinion). An "unreasonable application" of Federal law will be found "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 412-413.  An "unreasonable application" likewise will be found if the state court "was unreasonable in refusing to extend the governing legal principle to a context in which the principle should have controlled." *Ramdass v. Angelone*, 530 U.S. 156, 166 (2000) (opinion of Kennedy, J.). Yet as *Williams* teaches, a state court's "unreasonable application" of the law informs the federal court to the extent that the latter "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Bates v. Lee*, 308 F.3d 411, 417 (4th Cir. 2002), *cert. denied,* 538 U.S. 1061 (2003), *quoting Williams*, 529 U.S. at 411.  The Fourth Circuit has held that this application of federal law must be "objectively unreasonable." *Oken v. Corcoran*, 220 F.3d 259, 264 (4th

Cir. 2000) (noting that the Supreme Court in *Williams* "adopted" the holding in *Green v. French*, 143 F.3d 865, 870 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999) that the "unreasonable application" inquiry is an objective inquiry.).

Turning to Section 2254(d)(2), the proper analysis for establishing whether there exists an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding" is framed by Section 2254(e)(1), which provides that the findings of fact by a state court are entitled to a "presumption of correctness" and the petitioner must bear the burden of rebutting that presumption by "clear and convincing evidence." *See* 28 U.S.C. § 2254(e)(1). The federal courts must accord "considerable deference in their review of state *habeas* proceedings." *Lovitt v. True*, 403 F.3d 171, 178 (4th Cir. 2005), *citing (Terry) Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

### C.  Exhaustion of State Court Remedies

Relief under Section 2254 may be had only after a habeas petitioner has exhausted his state court remedies:  "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in *habeas*. Claims not so raised are considered defaulted." *Breard v. Green*, 523 U.S. 371, 375 (1998), *citing Wainwright v. Sykes*, 433 U.S. 72 (1977); *see also* 28 U.S.C. § 2254(b). Thus, if claims were never reviewed by the highest court in South Carolina, those claims will be barred and cannot be considered by the Court.

The theory of exhaustion is based on 28 U.S.C. § 2254, which gives the federal court jurisdiction of habeas petitions. *See generally, O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). The court's exhaustion requirements under Section 2254 are explained in *Matthews v. Evatt*, 105 F.3d 907, 910-911 (4th Cir.), *cert. denied*, 522 U.S. 833 (1997):

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims. Thus,

a federal habeas court may consider only those issues which have been "fairly presented" to the state courts[.]

To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.

The exhaustion requirement, though not jurisdictional, is strictly enforced[.] (Citations omitted)

Indeed, a claim is unexhausted unless the substance of a petitioner's claims are "fairly presented" to the state courts. The *Matthews* court explained, "[t]he ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not suffice. In other words, fair presentation contemplates that both operative facts and the controlling legal principles must be presented to the state court." *Matthews v. Evatt*, 105 F.3d at 911.

## D. Procedural Default

When the person seeking relief has failed to raise a claim at the appropriate time in state court and has no further means of bringing that issue before the state courts, the claim will be considered procedurally defaulted, and he will be procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural default of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *Smith v. Murray*, 477 U.S. 527, 533, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986).

Procedural default can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Furthermore, if a prisoner has failed to file a

direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.[5]

### E.  The Relationship Between Exhaustion and Procedural Default

If a petitioner in federal court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed (or defaulted) his opportunity for relief in the state courts.  Under these circumstances, the exhaustion requirement is "technically met" and the rules of procedural bar apply.  *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997); *cert. denied*, 522 U.S. 833, 118 S.Ct. 102, 139 L.Ed.2d 57 (1997), *citing Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Teague v. Lane*, 489 U.S. 288, 297-98, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989); *and George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996).  In other words, where the state court has not had the opportunity to apply its own procedural bar, the federal court will nevertheless bar the claim where application of the bar is clear.  *Teague v. Lane*, 489 U.S. at 297-98.

### F.  Excusing Default

Notwithstanding the foregoing, the requirement of exhaustion is not jurisdictional, and a federal court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances.  *Cranberry v. Greer*, 481 U.S. 129, 131, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1989).  A federal court will review a procedurally defaulted claim if the petitioner can demonstrate cause for the default and actual prejudice therefrom, or actual innocence.  *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).  In this context, "cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule."  *Strickler v. Greene*, 527 U.S. 263, 283 n. 24, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999), *quoting Murray v.*

---

[5]     A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.  S.C. Code Ann. § 17-27-45.

*Carrier*, 477 U.S. 478, 488 (1986).  A petitioner may establish cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, demonstrate the novelty of his claim, or show interference by state officials.  *Murray v. Carrier; Clozza v. Murray*, 913 F.3d 1092 (4th Cir. 1990), *cert. denied*, 499 U.S. 913 (1991); *Clanton v. Muncy*, 845 F.2d 1238 (4th Cir.), *cert. denied*, 485 U.S. 1000, 108 S.Ct. 1459, 99 L.Ed.2d 690 (1988).  A petitioner must show reasonable diligence in pursuing his claim to establish cause.  *Hoke v. Netherland*, 92 F.3d 1350, 1354 n. 1 (4th Cir.1996).  Moreover, the claim of cause must itself be exhausted. *Edwards v. Carpenter*, 529 U.S. 446, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000) (failure of counsel to present issue on direct appeal must be exhausted in collateral proceeding as ineffective assistance to establish cause for default).

Next, with respect to establishing "actual prejudice," a petitioner generally must show some error.  *Tucker v. Catoe*, 221 F.3d 600, 615 (4th Cir.), *cert. denied*, 531 U.S. 1054, 121 S.Ct. 661, 148 L.Ed.2d 563 (2000).  In addition, a petitioner must show an actual and substantial disadvantage as a result of the error, not merely a possibility of harm, to show prejudice.  *Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir. 1997).

"Actual innocence" is not an independent claim, but only a method of excusing default.  *O'Dell v. Netherland*, 95 F.3d 1214, 1246 (4th Cir. 1996), *aff'd*, 521 U.S. 151, 117 S.Ct. 1969, 138 L.Ed.2d 351 (1997).  To prevail under this theory, a petitioner must produce new evidence that was not available at trial to establish his factual innocence.  *Royal v. Taylor*, 188 F.3d 239 (4th Cir. 1999).  A petitioner may establish actual innocence as to his guilt, *Id.*, or his sentence.  *Matthews v. Evatt*, 105 F.3d 907, 916 (4th Cir. 1997).  It is a habeas petitioner's burden to raise cause and prejudice or actual innocence; if these are not raised by petitioner, the court need not consider the defaulted claim.  *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995), *cert. denied*, 517 U.S. 1171, 116 S.Ct. 1575, 134 L.Ed.2d 673 (1996).  With these rules

in mind, the court will turn to the issues which Petitioner raises in his Petition for habeas corpus relief.

### G.  Discussion of Petitioner's Grounds for Habeas Corpus Relief

### 1.  Ground One

Petitioner's first ground for habeas relief is based upon his argument that the court lacked subject matter jurisdiction because a preliminary hearing was not held.  Petitioner contends that he sought to have this issue raised in the PCR, but his PCR counsel refused to argue the issue and as a result, the PCR judge failed to address the issue.  (Petition, p. 7). Therefore, Petitioner's first ground for habeas relief was never presented to the state court with the power to address the claim.  Although the Petitioner has not presented these specific allegations to any state court, he could not litigate these claims in a successive PCR application.  *See Aice v. State*, 305 S.C. 448, 409 S.E.2d 392 (1991); S.C. Code Ann. § 17-27-90 (1985).  Therefore, while the Petitioner has technically satisfied the exhaustion requirement as to Ground One, he has nevertheless defaulted the claim, which precludes relief in federal court.  *See Matthews v. Evatt*, 105 F.3d at 911; *Coleman v. Thompson*, 501 U.S. at 750, 111 S.Ct. 2546, 115 L.Ed.2d 640.  Furthermore, Petitioner has not shown cause and prejudice for the default, and on this record there is no proof of actual innocence.  Therefore, it is recommended that Ground One be summarily dismissed.

### 2.  Ground Two

In Ground Two, Petitioner asserts that he received ineffective assistance of counsel at trial and on appeal because he did not have his constitutional rights explained to him and as a result, he plead guilty to a murder that he did not commit.  Petitioner contends that these issues were raised and denied in his PCR hearing.  (Petition, p. 8).  In addition, this claim was raised in the *Johnson* petition.  (*Johnson Petition*, p. 4).  This issue is exhausted and proper for review by this court on the merits.

The court is aware that it must accord substantial deference to a state court's findings of fact. *Lovitt v. True*, 403 F.3d 171, 178 (4th Cir. 2005), *citing Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *see also  Evans v. Smith,* 220 F.3d 306, 311-312 (4th Cir. 2000) ("We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence), *cert. denied*, 532 U.S. 925, 121 S.Ct. 1367, 149 L.Ed.2d 294 (2001); *Bell v. Jarvis*, 236 F.3d 149 (4th Cir. 2000) (en banc), *cert. denied*, 534 U.S. 830, 112 S.Ct. 74 151 L.Ed.2d 39 (2001).

Even though the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the claim of ineffective assistance of counsel, a federal court must reach an independent conclusion. *Strickland*, 466 U.S. at 698; *Pruett v. Thompson*, 996 F.2d. 1560, 1568 (4th Cir. 1993), *cert. denied*, 114 S.Ct. 487 (1993) (*citing Clozza v. Murray*, 913 F.2d. 1092, 1100 (4th Cir.1990), *cert. denied*, 499 U.S. 913 (1991)).  Nevertheless, since Petitioner's ineffective assistance of counsel claims were adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. § 2254(d), as interpreted by the Supreme Court in *Williams v. Taylor.  See also Evans*, 220 F.3d at 312 (under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding").

With respect to Petitioner's Ground Two, Petitioner alleges that his counsel, Mr. Matlock, was ineffective in failing to advise him that he should not plead guilty since he did not actually kill the victim.  As mentioned above, Ground Two was rejected by the state PCR court.  The evidence reveals that trial counsel had thorough discussions with the Petitioner

prior to the entry of the negotiated plea about the "hand of one, hand of all" theory, the particular role Petitioner played in the event, and the state's evidence against him. (Vol 2., App. p. 431-429)  The state court judge found Mr. Matlock's testimony credible and rejected Petitioner's testimony. (Vol 2., App. p. 437-439, 441-444 (principal, hand of one hand of all discussions). *Compare*, Vol 2., App. ¶. 458-461 (testimony of Gordon regarding elements and penalty discussions).  Since the state court determined as an historical fact that the advice was given, the state court also properly concluded that counsel's actions were "reasonable[] under professional norms" (*Strickland v. Washington*, 466 U.S. 668 (1984)), and furthermore, correctly found that Petitioner failed to show a "reasonable probability" that but for counsel's errors, he would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) ("In the context of a guilty plea, a demonstration of prejudice requires [a petitioner] to establish 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'").

Petitioner's Ground Two does not provide an avenue for habeas relief.  The PCR court correctly applied controlling Supreme Court precedent regarding constitutionally ineffective assistance of counsel generally (*Strickland v. Washington*), and in the guilty plea context in particular (*Hill v. Lockhart*).  The state court adjudication of this claim is not based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding.  Furthermore, it did not result in a decision that was contrary to, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States.  Petitioner is not entitled to habeas relief on this claim.

### 3.  Ground Three

Petitioner contends that his plea was involuntary because he was advised that "he would receive the life or death penalty [sic] if he failed to plead guilty." (Petition at p. 9.) Petitioner raised the issue of an allegedly involuntary guilty plea in his PCR application (Vol 2, App. p. 409) and the issue was denied by the PCR court.  In addition, this claim was raised

in the *Johnson* petition.  (*Johnson Petition*, p. 4).  This issue is exhausted and proper for review by this court on the merits.

   With respect to this claim, the record reflects that plea counsel testified that they knew that Petitioner's case was not a capital case and the negotiated pleas carried a sentence of thirty years; if Petitioner had gone to trial, he could have received a sentence of life without parole.  (Vol. 2, App. p. 446-447).  *See* Section 16-3-20 (1976) (punishment for murder).  Second, as counsel testified, Petitioner told counsel he got out of the car when his brother did and approached the victim's car with him.  (Vol. 2, App. p. 441-444).  Third, the eyewitness in the car had provided evidence that Petitioner was not a mere bystander, but was "actively involved" in the attempted car jacking and murder of the teenaged driver.  (Vol  2, App. p. 443).  Fourth, plea counsel, an attorney who had been in practice approximately twenty-five years, testified at PCR that the evidence against Petitioner was "overwhelming," that "this was as strong a case as I'd even seen," and that Petitioner had no chance of winning at trial.[6]  (Vol. 2, App. 448-449).  The evidence of Petitioner's participation wholly supports the Petitioner's entry of the plea and consistent with their discussions of the theory of "the hand of one hand of all."  (Vol. 2, App. p. 441-443).

   The PCR court specifically held that the testimony of guilty plea counsel was more credible than Petitioner's testimony concerning the Petitioner's decision to plead guilty. *See supra* at p. 5.  Under 28 U.S.C. Section 2254, the evidence from the state PCR hearing with its credibility findings and the questioning by the court concerning the plea at the plea (App. p. 180-186), and at the PCR hearing (App. p. 470-473) reveal that the pleas were entered freely and voluntarily and not improperly induced by any incorrect advice of counsel.

   Applying the appropriate standard of review for ineffective assistance of counsel claims in the habeas context, as discussed *supra,* the court finds that the PCR court correctly

---

[6]     Mr. Matlock stated at the PCR hearing: "You know, if we [had gone] to trial, I would have given him two chances of winning and that was zero and none."  (Vol. 2., App. p. 449).

applied controlling Supreme Court precedent regarding constitutionally ineffective assistance of counsel.  *See Strickland v. Washington.*  The state court adjudication of this claim is not based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding.  Furthermore, it did not result in a decision that was contrary to, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States.  Petitioner is not entitled to habeas relief on this claim.

### 4.  Ground Four

Finally, Petitioner's fourth ground for habeas corpus relief rests on his contention that the indictment was invalid because he should have been indicted as an accessory before the fact, and not for murder.  Petitioner admits that he did not raise this claim in the trial or direct appeal and argues that PCR counsel refused to raise the claim in state court.  (Petition, p. 11).  As with Ground One, although the Petitioner has not presented the specific allegations set out in Ground Four to any state court, he could not litigate these claims in a successive PCR application.  *See Aice v. State*, 305 S.C. 448, 409 S.E.2d 392 (1991); S.C. Code Ann. § 17-27-90 (1985).  Therefore, while Petitioner has technically satisfied the exhaustion requirement as to Ground Four, he has nevertheless defaulted the claim, which precludes relief.  Furthermore, Petitioner cannot overcome this default because he cannot show cause for the default and prejudice therefrom, or actual innocence.

Ground Four is based upon Petitioner's contention that there was a state subject matter jurisdiction problem because he did not have a preliminary hearing, and that the indictment was invalid because he should have been charged as an accessory before the fact rather than for murder, as he alleges he did not act as an aider or abettor.[7]  As with Ground One, Petitioner's challenge to the state court's subject matter jurisdiction rests on state law, and is

---

[7]    Petitioner's guilty plea acts as a waiver of all non-jurisdictional defects and defenses.  *See Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

not cognizable in a federal habeas action. *Wright v. Angelone*, 151 F.3d 151, 157-58 (4th Cir. 1998); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions."); 28 U.S.C. § 2254(d)(1)(relief not granted unless the state court improperly or unreasonably applied federal law). It is well-settled that the state court is the final arbiter on matters of state law, especially matters related to its own jurisdiction and procedure. Petitioner has not alleged or shown that his conviction violates federal law, and therefore he is not entitled to relief on Ground Four.

## CONCLUSION

Petitioner's four grounds for habeas corpus relief are without merit.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the Respondents' Motion for Summary Judgment **[10] should be granted.**


GEORGE C. KOSKO
UNITED STATES MAGISTRATE JUDGE


February 26, 2007

Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).